**In re MARX.**

**MARX v. GARNER et al.**

No. 7693.

Circuit Court of Appeals, Seventh Circuit.

Jan. 20, 1942.

Henry C. Case, of Milwaukee, Wis., for appellant.

Reginald I. Kenney, of Milwaukee, Wis., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

John Henry Marx, bankrupt, appeals from an order denying him a discharge in bankruptcy. The single question is whether the bankrupt kept sufficient records to merit the privilege of discharge under § 14, sub. c(2), of the Bankruptcy Act.[1]

On May 10, 1940, Marx filed a voluntary petition in bankruptcy and on the same day the court entered the adjudication. Ap-

---

[1] 11 U.S.C.A. § 32, sub. c(2). "The court shall grant the discharge unless satisfied that the bankrupt has * * * destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case."

pellees, the trustees of the segregated trust of Park Savings Bank of Milwaukee, Wisconsin, duly made specification of four objections to the bankrupt's discharge. Hearings thereon were had before the Referee, who disallowed three of the four objections and denied the discharge for the remaining objection—the failure to keep books of account or record, from which his financial condition and business transactions might be ascertained. The District Court affirmed this decision and order of the Referee.

Marx was a real estate broker. He sold properties on the commission basis, and bought and sold property in his own interest and collected rents. The depression hurt his business and by 1935 he "was practically hopelessly broke" and creditors were beginning to "dog" him for the large amounts he owed. Starting in 1936 he bought and sold property in the name of his daughter, Marie C. Marx, and to protect against garnishment, he began to take bank accounts in her name per John H. Marx, trustee, or some similar designation. Marie had interest neither in the accounts nor, apparently, in the property bought and sold in her name. Marx paid no regard to the source of the monies, whether they were from commissions, rents, or sales; he deposited them all together in the same account and actively drew upon the account for every purpose.

Marx kept no cash book, no day book, and no ledger. The bank and check books which he had were at variance with the bank's statements and Marx could not reconcile the differences. Some bills and receipts, and cancelled checks, he kept in card board filings. He produced an incomplete record of property listings with the name of the owner and commission paid, but the bankrupt admitted he did not sell all of them because some of them had "flunked." He filed income tax returns for several years, but kept no copies, and the returns for three of these years had disappeared from the assessor's office and could not be found. These are the bankrupt's books of account or records from which his financial condition and business transactions are to be ascertained. The bankrupt admitted he could not show from the records how much money he took in or paid out.

What books of accounts or records satisfy the requirement of § 14, sub. c(2), are, of course, not a constant: In each case they are a function of the nature of the particular bankrupt's business transactions and financial condition. What would suffice in one, would be hopelessly unsatisfactory in another. Yet, the absence of articulated mechanics does not leave a broad area of uncertainty in which all must wander with no idea of whether they would be entitled to a discharge if economic misfortune should overtake them. Records or books of accounts are but means to an end, the ascertainment of the bankrupt's financial condition and his business transactions, and any records which meet that end are satisfactory. They should show in some way his loss and gains, and present a satisfactory explanation of the receipts and disbursements. This condition precedent to discharge strikes at otherwise nondemonstrable fraud, for no longer does the successful objecting creditor have to prove the absence or inadequacy of the records was with intent to conceal: the bankrupt must now really have the necessary records or explain why the circumstances of his case excuse his failure.[2] By no longer requiring proof of such intent, the statute has narrowed the bankrupt's road to the salutary discharge. White v. Schoenfeld, 2 Cir., 117 F.2d 131, 132. Now, whenever a § 14, sub. c(2), objection to the discharge is raised, the bankrupt's records must be adequate, unless excused by circumstances, or the discharge will be denied. With this considerable penalty upon inadequate books or records, perhaps the adequacy of the records kept will increase and thereby at least help remove whatever causal relation exists between inadequate bookkeeping and bankruptcy.[3]

The statute lodges in the bankruptcy court a reasonably wide judicial

---

[2] Prior to the 1926 amendment, the objecting creditor had also to show the bankrupt's intent to conceal. Prior to 1903 the objecting creditor had to show that such intent was also fraudulent and in contemplation of bankruptcy. Collier on Bankruptcy, 14th Edition 1940, § 14:33 said "these stringent requirements, in many cases" worked "unmerited good fortune to the bankrupt."

[3] Cf. William O. Douglas, Some Functional Aspects of Bankruptcy, 41 Yale L.J. 329 and Corstvet, Inadequate Bookkeeping as a Factor in Business Failure, 45 Yale L.J. 1201.

discretion in determining whether the failure to keep books of account or records was justified under all the circumstances of the case, and the determination of that question will not be disturbed on appeal except in case of abuse of such discretion. Rosenberg v. Bloom, 9 Cir., 99 F.2d 249 and Nix v. Sternberg, 8 Cir., 38 F.2d 611.

In our case, no study of the bankrupt's papers shows his financial condition and transactions. There is no acceptable justification under the circumstances; consequently the bankrupt was not entitled to a discharge, Nix v. Sternberg, supra.

The judgement of the District Court must be affirmed.