## In re SCHWARTZ.

### SCHWARTZ v. POPA et al.

### No. 8117.

Circuit Court of Appeals, Seventh Circuit.
Feb. 10, 1943.

Ray C. Twining, of Milwaukee, Wis., for appellant.

Harold M. Baum, of Milwaukee, Wis., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

After Schwartz had been adjudicated a bankrupt, he filed his petition for discharge. Two of his creditors filed separate objections to his discharge, based upon an alleged false written statement of his financial condition for the purpose of obtaining credit.[1] Hearing thereon was had before a referee, who sustained the objections and denied the discharge. The District Court affirmed this decision and order of the referee.

For five years prior to filing his voluntary petition in bankruptcy, Schwartz operated a retail meat market, purchasing his meats from Weisel & Co., a wholesale meat dealer. March 14, 1940, the bankrupt made a statement in writing to a mercantile credit association for the purpose of obtaining credit. The statement was delivered by the credit association to the objecting creditor, who, upon this statement, extended credit to the bankrupt.

The referee found the fact to be "that said statement disclosed that the bankrupt was the owner of certain stock in the Economy Building & Loan Association of the value of $3600"; "that the bankrupt was indebted on [a] chattel mortgage in the amount of $250.00 and that in truth and in fact the bankrupt owned no Building & Loan Stock and that he owed on chattel mortgages an amount in excess of $1100.-00"; and that "the said Weisel & Company, creditor, thereafter extended credit to the bankrupt and relied on said statement in extending such credit." The record discloses that there was substantial evidence supporting the findings.

Appellant in his brief states: "Weisel & Co. did receive a copy of the statement" and "There is no question but that the item * * * listing building and loan stock as an asset was false. Nor is there any question but that the statement was false in that it did not disclose the bankrupt's chattel mortgage and rent obligations * * *." He insists, however, that when the representative of the credit association questioned him, he answered the questions as best he could without reference to books or records; that after the statement was drafted, it was signed without reading; that he did not know that the credit association furnished reports on which credit was based; and that he did not make the statement for the purpose of obtaining credit or with intent to conceal any existing indebtedness.

We are not unmindful of the fact that where there is no intent to violate the bankruptcy act, the law must be liberally construed in favor of the bankrupt, and in our study of the case, we have endeavored to keep uppermost this principle, but we are unable to escape from other applicable principles, such as, that it is a question of fact whether the bankrupt fraudulently intended to falsify his statement for the purpose of obtaining credit or to conceal an existing indebtedness, and that the findings of the court are not to be disturbed unless there is most cogent evidence of mistake and miscarriage of justice.

The statute lodges in the bankruptcy court a reasonably wide judicial discretion in determining whether the bankrupt has committed such an act as precludes him from obtaining his discharge. The determination of that question will not be disturbed on appeal except

---

[1] 11 U.S.C.A. § 32, sub. c(3). The court shall grant the discharge unless the bankrupt has "obtained money or property on credit, * * * by making * * * a materially false statement in writing respecting his financial condition" to any person or his representative for the purpose of obtaining credit from such person.

in case of abuse of such discretion, In re Marx, 7 Cir., 125 F.2d 335, and Spies v. Sytsma, 8 Cir., 56 F.2d 520, and, as we have frequently said, our function is to determine only whether there was such an abuse of discretion on the part of the District Court in sustaining the referee's findings as to require a reversal. Under the circumstances here appearing, we are unable to say that there was an abuse of discretion.

Affirmed.