## In re FREELOVE.

### No. 4421 I.

District Court, S. D. California, Central Division.

Nov. 19, 1947.

---

[3] U.S.C.A., Title 29, §§ 101 and 113.

Andrew J. Copp and H. Dexter McKay, both of Los Angeles, Cal., for bankrupt.

Nat Rosin and Dechter, Hoyt, Pines & Walsh, by Harry A. Pines, all of Los Angeles, Cal., for trustee.

YANKWICH, District Judge.

The petition of the bankrupt to review the order of the Referee, dated November 20, 1946, denying the bankrupt his discharge heretofore argued and submitted, is now decided as follows:

The said order of the Referee, dated November 20, 1946, denying the bankrupt his discharge, is hereby affirmed.

On hearing objections to discharge, the objector having shown that there are reasonable grounds for believing that the bankrupt has committed any of the acts which warrant denial of discharge, the burden of proving non-commission of the acts charged shifts to the bankrupt. Bankruptcy Act, § 14, sub. c, last clause, following (7), 11 U.S.C.A. § 32, sub. c, last clause, following (7); and see, In re Adler, 2 Cir., 1935, 79 F.2d 840; Kaganowitz v. Manufacturer's Trust Co., 2 Cir., 1944, 145 F.2d 754, 765, which illustrate also the type of conduct which the courts consider willful transfer or concealment under Bankr. Act, § 14, sub. c(4), 11 U.S.C.A. § 32, sub. c(4).

The findings of a Referee should not be disturbed unless they are clearly wrong. Federal Rules of Civil Procedure, rule 52, 28 U.S.C.A. following section 723c; General Order in Bankruptcy 36, 11 U.S.C.A. following section 53; and see my opinion in Re C. & P. Co., D.C., 1945, 63 F.Supp. 400, and cases cited in Note 13.

And it is the rule of our Circuit and elsewhere that the decision of a Referee in granting or denying discharge calls for the exercise of sound discretion on his part and should not be disturbed except for gross abuse. In re McNay, D.C., 1945, 58 F. Supp. 960; and see Marx v. Garner, 7 Cir. 1942, 125 F.2d 335.

The Referee grounded his denial on his finding true the specifications in opposition to discharge which charged the bankrupt with willful transfer or concealment of assets through a confession of judgment on October 26, 1945, under Bankr. Act, § 14, sub. c(4), 11 U.S.C.A. § 32, sub. c(4), and failure to account satisfactorily for a sum of money received on or about October 2, 1945. Bankr. Act, § 14, sub. c(7), 11 U.S.C.A. § 32, sub. c(7). The findings on the subject are numbered respectively V and VII in the Referee's Findings.

A study of the entire record, in the light of the principles just referred to, including the additional portions of the transcript requested by me and filed by the Trustee on November 13, 1947, leads me to the conclusion that the determination of the Referee on both matters is supported by substantial evidence. The Referee was free to draw his own inferences from the facts testified to, he was free to question the plausibility of the attempted explanations by the bankrupt and the other witnesses who were called to give their version of the facts relating to the two transactions. The appearance of the witnesses, including the bankrupt, the manner in which they testified, their bias, and interest, and other matters affecting their credibility were matters for the Referee alone. And as his ultimate conclusion against discharge does not show any gross abuse of the discretion which is lodged in him in ruling on this matter, it should not be disturbed. See, In re Schwartz, 7 Cir. 1943, 133 F.2d 216, 217, 218.

Hence the ruling above made. Formal order to be prepared by counsel for the Trustee.