# In re CHRIST'S CHURCH OF THE GOLDEN RULE.

## SAMPSELL et al. v. EBBERT et al.
## No. 36408.

District Court, N. D. California, S. D.
Aug. 16, 1948.

of the respondents to the jurisdiction of the Court, to hear and determine the petition of the trustees seeking to adjudicate summarily the title to certain real and personal property claimed by the respondents, is hereby reversed.

## II.

The Referee is directed to restore to the calendar the petition of the trustees, to allow the respondents a reasonable time in which to file such additional pleadings as may be necessary or desirable, and to conduct such further proceedings as may be deemed advisable in order to determine the title and/or the possession to the property involved.

### Comment

The Referee, on an objection to jurisdiction, made the following finding:

"The court is unable to determine, from the record presented in the above-entitled matter, whether or not, on November 1, 1945 (at the time of the filing of the original petition in bankruptcy in the United States District Court for the Southern District of California wherein the primary proceeding in bankruptcy then was commenced, and now is pending), said bankrupt was in the actual or constructive possession of the real and/or personal properties, or any part thereof, referred to in said trustees' petition in this matter.

"The court, therefore, concludes as a matter of law that as against the respondents, August Ebbert and Grace Ebbert, and/or either of them that:

"The objection and the amended objection to the court's jurisdiction filed herein on behalf of August Ebbert and Grace Ebbert, should be sustained."

On the basis of this finding, the Referee, in effect, denied the petition of the trustees for the summary determination of the title to the property involved. The finding just quoted does not give to this court the benefit of the Referee's conclusions upon the facts. On the contrary, the Referee states that he is unable to determine whether the trustees were in actual or constructive possession of the property, so as to confer jurisdiction upon him to hear the petition and determine it on the merits.

See also 79 F.Supp. 45, 46.

Gendel & Chichester, of Los Angeles, Cal., for trustees.

Howard B. Crittenden, of San Francisco, Cal., for respondents.

YANKWICH, District Judge.

The petition of the trustees to review the Order of the Referee dated September 18, 1947, heretofore argued and submitted, is now decided as follows:

## I.

The Order of the Referee, dated September 18, 1947, sustaining the objection

■ Findings of a Referee are sustained unless they are clearly wrong and without any foundation in fact. Federal Rules of Civil Procedure, rule 52, 28 U.S.C.A. following section 723c; General Orders in Bankruptcy, order 36, 11 U.S.C.A. following section 53; and see my opinions in, In re Alberti, 1941, D.C.Cal., 41 F.Supp. 380; In re McNay, 1945 D.C.Cal., 58 F. Supp. 960, 962; In re Freelove, 1946, D.C. Cal., 74 F.Supp. 666; and cases there cited.

■ But here, because there is no finding on the subject of possession, we do not have the usual situation wherein, on specific facts found, we, must examine the record *only* for the purpose of deciding if there is evidence to support the Referee.

The Referee, in sustaining the objection to jurisdiction, acted, presumably, on the contention of the respondents that the trustees had not met the burden of proving that they were in actual or constructive possession of the property. We must, therefore, determine whether the showing before the Referee presented a prima facie case of possession by the trustees so as to warrant a finding of its existence or non-existence. The solution of this problem depends on the application to the facts in the record of the principles declared in the cases which followed Taubel-Scott-Kitzmiller Co., Inc. v. Fox, 1924, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770. The most important of these cases are: Harrison v. Chamberlin, 1926, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Schumacher v. Beeler, 1934, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433; Thompson v. Magnolia Petroleum Co., 1940, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Cline v. Kaplan, 1944, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97; Williams v. Austrian, 1947, 331 U.S. 642, 651, 652, 67 S.Ct. 1443, 91 L.Ed. 1718; City of Long Beach v. Metcalfe, 9 Cir., 1938, 103 F.2d 483; Bank of California National Ass'n v. McBride, 9 Cir., 1943, 132 F.2d 769; Honeyman v. Hughes, 9 Cir., 1946, 156 F.2d 27. Cases preceding the Taubel case are not very helpful, because that case repudiated some of the old criteria for determining the limits of summary jurisdiction, and established new ones. Since its rendition, I have had occasion to treat very elaborately in two opinions (In re Club New Yorker, D.C., 1936, 14 F.Supp. 694, and In re Rand Mining Co., D.C.1947, 71 F.Supp. 724) its impact and that of the later decisions on the problem.

■ It is, therefore, unnecessary to go into a detailed analysis of the conditions which warrant the intervention of the bankruptcy court by summary proceeding. It is enough to say that the cases teach that actual possession consists, as the phrase implies, in the exercise of dominion or control over property. Constructive possession covers situations where, although the trustee may not have physical possession, he is considered to have it constructively, either because those in actual possession are his agents, or they retain the property *under conditions which law and equity consider a holding by and for the trustee.*

■ The facts produced before the Referee satisfy the quantum of proof required by these cases for determining who is in possession. For, they show a grant deed to the property, absolute on its face, delivered unconditionally. From this, the Referee, under the law of California, *was bound* to infer the intention to convey the property without restrictions. See, California Code of Civil Procedure, Sections 1053, 1054, 1055, 1056 and 1059; Estate of Kalt, 1940, 16 Cal.2d 807, 813, 814, 108 P.2d 401, 133 A.L.R. 1424. At the hearing, the respondents were interrogated fully as to circumstances under which the execution and delivery of the deed took place. They admitted that prior to the institution of the summary proceeding they never "told any one that they claimed the property as their own, *in spite of the deed.*"

Lumber operations were carried on by the bankrupt prior to bankruptcy, which continued after the adjudication. The trustees, after their appointment, took over the operations, with the acquiescence of the respondents. Through their agents, the trustees exercised unchallenged control and supervision over the operations, the men and the equipment. The money coming from these operations went into a revolving fund established by the trustees, from which the costs were paid. As to these essential facts, there is, practically, no dispute. But even if we concede that

there is a conflict as to the control after the deeding of the property, and that if the Referee had resolved it and made a finding supporting one view or the other, we would be compelled to accept his solution, the fact is that the question is still open. For the Referee did not make such finding. He merely informed the court that he was unable to reach a conclusion as to whether the property was, or was not, in the actual or constructive possession of the bankrupt on November 1, 1945, and, consequently, in that of the trustees. Hence, we must determine whether the evidence before the Referee was of a character that would have warranted him in resolving the conflict in favor of the trustees. As already stated, we are of the view that the evidence was of such character, and that the Referee was wrong in declining jurisdiction, and, in effect, denying the petition and directing the trustees to resort to a plenary action. We add that in stating these conclusions, we do not intend to tie the hands of the Referee as to his future action in the matter. He is still free to use his own judgment as to the ultimate conclusion to be reached upon the facts and to speak to us through full findings to that effect. All we decide is that he was not justified in his refusal to entertain summary jurisdiction.

