BLUE RIDGE LUMBER PROD-
UCTS, Inc.

v.

NELSON.

In re ABBOTT LUMBER CO., Inc.
No. 246, Docket 23035.

United States Court of Appeals
Second Circuit.

Argued May 13, 1954.

Decided June 4, 1954.

**452**

Ralph R. Repass, Marion, Va., for appellant, Blue Ridge Lumber Products, Inc.; Dudley, Stowe & Sawyer, Thomas A. Campbell, Buffalo, N. Y., of counsel.

Saperston, McNaughtan & Saperston, Buffalo, N. Y., for appellee, Walter Nelsen, trustee in bankruptcy of Abbott Lumber Co., Inc.; Harry H. Wiltse, Buffalo, N. Y., of counsel.

Before CHASE, Chief Judge, and HINCKS and HARLAN, Circuit Judges.

PER CURIAM.

The issues are whether the court had summary jurisdiction to determine whether the appellant had a valid lien on certain property of the bankrupt and, if so, whether its holding that the claimed lien was invalid was erroneous.

The pertinent findings of the referee, which were approved by the court on adequate supporting evidence, are that on April 24, 1952, the Abbott Lumber Co., Inc., a New York corporation, transferred all its assets to the appellee under a common-law trust agreement. Among them were lumber, office furniture, fixtures and the like in Marion, Virginia. On July 7, 1952, the appellant, a Virginia corporation, brought two actions in a Virginia court against Abbott Lumber Co., Inc., one being a distress for rent, the other an attachment action to recover for work and services in processing lumber. All the property above mentioned was attached and the trustee (appellee), having filed bonds and secured the release of the property from attach-

ment, sold the lumber and now holds the proceeds. The remainder of the property is on the premises where it was attached.

On August 23, 1952, an involuntary petition in bankruptcy was filed in the court below against Abbott Lumber Co., Inc., and it was duly adjudicated a bankrupt, the appellee becoming the trustee in bankruptcy.

When the bankrupt's property was attached in one Virginia action or distrained in the other substantially all of it was located in a portion of premises which was occupied by the bankrupt who was then insolvent in the bankruptcy sense.

We think the order sustaining summary jurisdiction was correct since the bankrupt was in possession of the actual property when the petition in bankruptcy was filed with the exception of the lumber which had been released on bond and sold, and as to that it was in constructive possession. See Aldrich Shoe Co. v. Kagan, 1 Cir., 173 F.2d 457; In re Rand Mining Co., D.C., 71 F.Supp. 724; In re Worrall, 2 Cir., 79 F.2d 88. Such possession gave the bankruptcy court *in rem* jurisdiction to hear and determine summarily the rights of claimant to the property under liens obtained by attachment or other legal process. Section 67, sub. a(4), 11 U.S.C.A. § 107, sub. a(4). We interpret the words "substantially all" to show that the bankrupt had possession of all but what should be disregarded under the *de minimis* rule. And on the merits any lien obtained by virtue of the Virginia suits was clearly null and void under § 67, sub. a(1) of the Act because the bankruptcy followed within four months. This, of course, does not affect any priority as to rent claims to which the appellant may be entitled under § 64, sub. a(5) of the Act and as to which we understand the appellant is satisfied with the order as made.

It does, however, assert a lien upon the lumber under § 43–33 of the Virginia Code for the amount due it for the processing and contends that such a statutory lien is not within the provisions of § 67, sub. a of the Bankruptcy Act but that § 67, sub. b applies. We agree, but since this lumber was in the constructive possession of the bankrupt and not in that of the appellant as above noted, the bankruptcy court had jurisdiction to determine the issue, Isaacs v. Hobbs, Tie & T. Co., 282 U.S. 734, 51 S. Ct. 270, 75 L.Ed. 645, and we find no error in its determination.

Affirmed.