### JOHN W. ROBINSON *v.* M. A. NOEL, *et. al.*

1. DEED—ACKNOWLEDGMENT OF HUSBAND AND WIFE.—Though the husband and wife may appear at the same time, before the officer, taking the acknowledgment, yet their acknowledgment must be separate and distinct. The mere statement in the certificate that Jones and wife appeared and acknowledged that they signed, sealed and delivered the deed, is nothing more in legal effect, than the acknowledgment of the husband.

2. SAME—SAME.—The law requires the acknowledgment of the wife to be separate, full and complete in itself, without reference to that of the husband. The statement in her acknowledgment that she "signed" the deed cannot be so connected with the words "sealed and delivered" in the husband's acknowledgment, as to make her's perfect, full and complete, as required by the statute.

3. SAME—SAME.—An acknowledgment of the wife, which is insufficient in itself, cannot be helped out and made valid by reference to that of her husband. It must stand or fall by itself.

4. SAME—SAME.—*Sealing* and *delivering* have always been considered as essential to a deed. It takes effect only from delivery.

Error to the Circuit Court of Holmes county.   Hon. W. B. CUNNINGHAM, Judge.

Defendant in error brought suit in ejectment in the circuit court of Holmes county to recover possession of the property described in the declaration from Micajah Frazier and Henry C. Daniel, et al.  Daniel filed no plea and defendant Frazier pleaded not guilty.   At the April term, 1872, plaintiff dismissed as to Daniel and Frazier, and proceeded against Robinson alone, and judgment was rendered against plaintiff in error for the possession of the premises, and for $1000 for use and occupancy of the same, and all costs.

The plaintiff in error sets out in his bill of exceptions that the plaintiff in the court below offered in evidence a deed from James Harvey and S. E. Harvey to Frazier; defendant objected, and the objection was overruled.   The acknowledgment was in these words :

"THE STATE OF MISSISSIPPI, }
HOLMES COUNTY.  }

" Personally appeared before me, John C. Cutler, an acting justice of the peace in and for the county aforesaid,

James Harvey and Sarah E. Harvey, his wife, who acknowledged that they signed, sealed and delivered the foregoing deed, as their act and deed, and the said Sarah E. Harvey having been examined by me separate and apart from her said husband, acknowledged that she signed the foregoing deed without fear, threats or compulsion on the part of her said husband.

"Given under my hand and seal, this 2d day of December, 1860.

(Signed)        -        "JNO. C. CUTLER, J. P. [Seal]."

It is admitted that plaintiffs below were heirs at law of Sarah E. Harvey. The plaintiffs below then offered in evidence two deeds, one from Micajah Frazier to plaintiff in error, and said H. C. Daniel, dated February 9, 1865. The other a deed from D. M. Dulaney to his daughter Sarah Elizabeth Sanders, afterwards Sarah E. Harvey, wife of James Harvey. The deed from said Frazier to plaintiff in error and Daniel shows the common course of title in Sarah E. Harvey.

Plaintiff below introduced evidence to show the value of rents of the land, since in possession of defendants, to be about $1000. The defendants below then offered in evidence the deed from Harvey and wife to Micajah Frazier which was all the evidence in the case. The following errors are assigned, to-wit :

1. The judgment for $1000 rent against the plaintiff in error is erroneous.

2. The instructions granted by the court below in regard to rent is erroneous.

3. The court below erred in allowing the deed from Harvey and wife to Frazier to be read in evidence.

4. The court erred in instructing the jury that the deed from Harvey and wife to Frazier did not convey the title of Sarah E. Harvey, and that the plaintiffs were entitled to the possession of said lands.

5. And for other errors wherefore he prays that this cause be reversed and a new trial awarded.

*Shelton & Shelton,* for plaintiff in error:

Cited Love v. Taylor, 26 Miss., 574, 5, 6, 7; 38 Miss., 56; 43 Miss., 363; 26 Miss.; 575.

*J. A. P. Campbell,* for defendants in error:

1. The first assignment of error is not well taken for the judgment for $1000 rent, but follows the verdict for that sum, which was in accordance with the evidence, and was *not complained of* in the court below. There was no motion for new trial.

2. The instruction complained of as to rent was correct, but, if wrong, it did no injury, for the bill of exceptions, without setting out all the evidence, states that the rent was proved to have been worth about $1000, for which sum the jury found, and *no motion for a new trial was made.*

3. No point can be made here on the admission as evidence of the deed from Harvey and wife to Frazier, because no specific objection to the deed was made in the court below. Wesling v. Noonan, 31 Miss., 599; Monk v. Horne, 38 Miss., 101; Morris v. Henderson, 37 Miss., 492. But if objection had been properly made it should have been overruled, because the deed was admissible for the purpose, in connection with the other deeds, of showing that both plaintiffs and defendant claimed title from the same common source. The bill of exceptions shows that all the deeds were offered for this purpose, and the instruction on this subject illustrates this purpose fully.

4. The real point in this case, in the court below and here, arises out of the fourth assignment of error. The question is, did the deed, made by Harvey and wife to Frazier, divest the title of Mrs. Harvey, to whom the land belonged, by conveyance to her by the name of Sanders, by D. M. Dulany (her father), as shown on page eight of the record of this case? The defect in the deed of Mrs. Harvey, a married woman, consists in an insufficient acknowledgment of it by her, and is fully covered and disposed of by the follow-

ing cases decided by this court : Garrison *et al.* v. Fisher, 26 Miss. R., 352; Toulmin v. Heidelberg, 32 Miss., 268; Smith *et al.* v. Williams, 38 Miss., 48. The acknowledgment of a deed required by statute is a *substantive* part of the deed of a married woman, and must conform to the statute. Her acknowledgment conjointly with her husband, may be perfect, but that is not sufficient. She must acknowledge " separate and apart from her husband," that she " signed, sealed and *delivered*." It is not enough that she acknowledged all that, in the presence of her husband, when both were before the officer. That, as to her, goes for nothing. When examined " separate and apart," it is not enough for her to acknowledge that she " signed," for signing does not make a deed. It must be " sealed and delivered." *Delivery* is the *sine qua non.* Tried by these authoritative rules, the deed under consideration was not the deed of Mrs. Harvey, and the judgment of the circuit court was correct. The plaintiffs were admitted to be children and heirs of Mrs. Harvey, deceased; and it follows, that if defendant, who claimed from Mrs. Harvey, as the source of his title, did not have *her* title, plaintiffs did. Therefore the case turns on the sufficiency of the deed from Mrs. Harvey to Frazier, which did not divest her title, which remained in her, and, on her death, was cast, by descent, on plaintiffs.

Peyton, C. J., delivered the opinion of the court :

The defendants in error, as heirs at law of Sarah E. Harvey, recovered, in an action of ejectment, certain lands, situated in Holmes county, in the circuit court of said county. Both parties claim title to the lands in controversy, through Sarah E. Harvey, deceased, wife of Jones Harvey, who, in conjunction with his said wife, made a deed of said lands to Micajah Frazier, who conveyed the same to the plaintiff in error.

It is insisted, on the part of the heirs of Mrs. Sarah E. Harvey, that the title never passed out of her by the deed made by her and husband to Micajah Frazier, for want of

sufficient acknowledgment of said deed by her. And this seems to be the main question in the cause presented by this record for consideration, and which we will now proceed to solve. The said acknowledgment is in the words following : " Personally appeared before me, John C. Cutler, an acting justice of the peace, in and for the county aforesaid, Jones Harvey and Sarah E. Harvey, his wife, who acknowledged that they signed, sealed and delivered the foregoing deed as their act and deed ; and the said Sarah E. Harvey having been examined by me, separate and apart from her husband, acknowledged that she signed the following deed without fear, threats or compulsion on the part of her said husband."

Although the husband and wife may appear at the same time before the officer taking the acknowledgment, yet their acknowledgments must be separate and distinct. The mere statement in the certificate that Jones and his wife appeared and acknowledged that they signed, sealed and delivered the deed, is nothing more, in legal effect, than the acknowledgment of the husband. To give it any other effect would be to make it a joint acknowledgment against the express provision of the statute, which prohibits it, by requiring that the wife, on a private examination, apart from her husband, shall acknowledge that she signed, sealed and delivered the deed as her voluntary act and deed, freely and without any fear, threats or compulsion of her husband. In order to guard against the influence of the husband, the law requires the acknowledgment of the wife to be separate, full and complete in itself, without reference to that of the husband. The statement in her acknowledgment that she " signed " the deed, cannot be so connected with the words " sealed and delivered," in the husband's acknowledgment, as to make hers perfect, full and complete, as required by the statute. An acknowledgment of the wife, which is insufficient in itself, cannot be helped out and made valid by reference to that of her husband. It must stand or fall by itself.

In the case under consideration, the wife acknowledged the *signing* of the deed only. This before the statute of frauds, was regarded as one of the least important requisites to a deed. Sealing and delivery have always been considered as essential to a deed. It takes effect only from delivery. If this view of the law be correct, it follows that the acknowledgment of Mrs. Sarah E. Harvey, was insufficient to pass the title out of her, to the lands in controversy, which descended upon her death to her heirs.

It is objected that the damages found by the jury, are excessive. The bill of exceptions shows that the plaintiffs proved the value of the rents of the land in controversy, whilst in possession of defendants, to be worth about $1000.00. It was the province of the jury to determine the amount of damages sustained by plaintiffs, upon the evidence in the cause, and we do not feel authorized to disturb their verdict in this respect.

The judgment is affirmed.

NOTE.—My assent to a judgment of affirmance, is for the present withheld in this case.    TARBELL.