BASSETT *v.* BUILDING & LOAN ASSOCIATION.

(Division B. Jan. 2, 1933.)

[145 So. 109. No. 30306.]

Homer Currie and Jos. H. Moss, both of Raleigh, for appellant.

W. W. James, of Newton, for appellee.

Ethridge, P. J., delivered the opinion of the court.

The Building & Loan Association obtained a judgment against O. E. Martin and his wife, Mrs. Ora Martin, on April 16, 1931, and execution was issued thereon on the 8th day of June, 1931. The sheriff levied upon a certain automobile, of the value of two hundred and fifty dollars, in the possession of the Martins. R. R. Bassett filed a claim to the automobile based upon an instrument in writing constituting a lien upon the automobile in favor of Bassett, for four hundred dollars, dated July 1, 1929, and filed for record on April 7, 1931. The acknowledgment to this lien reads as follows:

"State of Mississippi, County of Jasper.

"Personally appeared before me, a Notary Public in and for the said state and county, O. E. Martin and Mrs. O. E. Martin, wife of the said O. E. Martin, who, on oath, says they signed the foregoing instrument of writing of their own free will and accord. Given under my hand and seal this 1st day of July, 1929.

"D. F. HITT, Notary Public."

The Building & Loan Association are not shown to have had actual notice of this alleged lien, and the acknowledgment quoted above is insufficient to make the recorded instrument constructive notice, because of the failure to acknowledge delivery. An instrument is not effective until delivered.

This case was appealed from the county court to the circuit court, and the appeal bond was signed by only one surety. The statute (Code 1930, section 28) requires two sureties, unless the bond is made by a surety company authorized to do business in the state, and this was not done here.

When the case reached the circuit court, a motion was made to dismiss the case on account of the insufficient appeal bond, and motion was made to amend the bond, or to be permitted to substitute a new one to comply with the law. The court overruled the motion to dismiss, and permitted the bond to be amended, and this action of the court constituted one of the assignments of error.

Under section 757, Code of 1930, a trial judge has the right to permit an amendment to be made, consequently there was no error in so doing.

We find no error that would warrant a reversal, and the judgment will be affirmed.

Affirmed.