STATE *v.* COLLINS.

(Division B. Oct. 2, 1939.)

[191 So. 126. No. 33654.]

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Martin & Farr,** of Prentiss, for appellee.

McGowen, J., delivered the opinion of the court.

In this case the court below sustained a demurrer interposed by Alfred Collins to an indictment against him; and from the judgment thereon the State appealed to this Court.

The indictment was apparently drawn under section 921, Code of 1930. An outline of the facts upon which the indictment is predicated is, in substance, as follows: That Alfred Collins, on the 22nd day of December, 1934, executed a deed of trust, which was acknowledged and recorded, in favor of B. C. Griffith for an existing debt and supplies to be thereafter furnished to Collins. This deed of trust was executed on December 2nd, 1934. That thereafter a second deed of trust was executed by Collins, in favor of the Rankin Company, on the 4th day of February, 1935, presumably upon the same property; and that Collins did not inform the Rankin Company of the existence of the prior deed of trust.

The indictment further charged that the defendant "did then and there wilfully, unlawfully, feloniously and fraudulently, knowingly cheat, wrong and defraud the said Rankin Company of its property, effects, goods,

wares, merchandise and money of the value of $468.82 against the peace and dignity of the State of Mississippi.''

The precise allegation of the indictment is that the description in the Griffith deed of trust, upon which the lien was based, is as follows: ''His (Collins') entire interest in any and all crops of cotton, corn, and all other agricultural products raised by him and any hand he may employ during the year 1935 and raised on land belonging to himself or any other land he may cultivate during said year, together with any and all cotton or corn that may be due the said defendant as rent for said year 1935.''

The description in the Rankin Company deed of trust did not differ essentially from that in the alleged Griffith deed of trust.

On the appeal to this Court the State contends that section 921, Code of 1930, construed in connection with section 2130 thereof, authorizes the indictment herein, because it is said in the latter section that the description of a crop yet to be grown is property within the meaning of said section 921. In other words, a deed of trust on a crop yet to be grown by the grantor therein constitutes property within the meaning of that word as used in section 921, which reads as follows:

''If any person shall sell, barter, or exchange or mortgage, or give deed of trust on, any *property* [italics ours], real or personal, which he had before sold, bartered, or exchanged, or obligated himself to sell, barter, or exchange, or which he had mortgaged, or in any manner incumbered, or on which he knows there is a lien of any kind by contract or by law, without informing the person to whom he so sells, barters, exchanges, or bargains, or mortgages or gives deed of trust on it, of the exact state of the *property* [italics ours] as affected by said acts or of the lien or incumbrance thereon, he shall be guilty of obtaining under false pretenses whatever he received from the person dealing with him, and shall, on

conviction, be punished therefor, as for obtaining goods under false pretenses.''

Section 2130 is as follows: *"Chattel mortgage on property owned or to be acquired valid, when.*—A deed of trust or mortgage on all of the chattels of a named class or classes (not including merchandise), described or limited as to locality, owned at the time of the execution of the instrument and on such property of like kind as may be acquired during a stated period not to exceed twelve months, given to secure any and all indebtedness which the grantor may owe the beneficiary during said period, shall be a valid lien against all creditors of the grantor.''

We are relieved from deciding the very difficult question presented by the Attorney General in his brief in this case. Section 921 uses the word ''property'' three times, including the caption—so that what constitutes property is a very material element of the indictment. In Coffey v. Land, 176 Miss., 114, 167 So. 49, this Court held that at the common law a deed of trust or mortgage on unplanted crops was not known or recognized; and it was further pointed out in that case that a statute permitting such deeds of trust in this state was expressly repealed in 1886, and was never expressly re-enacted, unless it be said that the right to give a mortgage on unplanted crops is included in section 2130, which appears first in our statutes by chapter 243, Laws of 1920.

It will be observed that whatever validity is granted by section 2130 to. mortgages on chattels or after-acquired profits is limited to chattels of the character described or limited as to locality, owned at the time of the execution of the instrument. A casual examination of the indictment here under consideration reveals that the deeds of trust described in the indictment, both to Griffith and to the Rankin Company, were blanket deeds of trust on crops to be raised anywhere in the world by the grantor therein, Collins, during the year 1935. No county or state was named in which the crops were to be grown. And there was no effort, insofar as the in-

dictment discloses, to localize the crops to be planted, as required by section 2130.

It must follow that there was no lien of any kind obtained by Griffith in the trust deed executed by Collins in his favor. In other words, this indictment did not contain a description of anything tangible or intangible, in esse or not in esse, so that no crime was charged.

We are of opinion that the court below did not err in sustaining the demurrer to the indictment, for the reason that no crime was charged.

Affirmed.