## HOFFMAN v. CREAM–O–PRODUCTS.

### No. 188, Docket 21593.

United States Court of Appeals
Second Circuit.

Argued March 8, 1950.

Decided March 20, 1950.

A. Walter Socolow, New York City, for appellant.

Max Schwartz, Brooklyn, for appellee.

Before SWAN, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The order on appeal held void as against the trustee in bankruptcy of the vendee the reservation of title of personal property described in a conditional bill of sale which provided: "Title to said machines and machinery shall remain in the vendor until the full purchase price therefor has been paid by the vendee in accordance with an agreement being entered into simultaneously herewith between the parties hereto." The conditional bill of sale was filed for record in the proper Register's Office but the contemporaneously executed written agreement by which the parties specified the purchase price of the machines.

and the time and manner of payment thereof, was never filed for record. Because of failure to file such agreement the referee in bankruptcy held that the local statute, N.Y. Personal Property Law, Mc.K. Consol.Laws, c. 41, § 65, invalidated the reservation of title, and the district court confirmed the referee's order. The decision is affirmed on the authority of Empire State Chair Co., Inc. v. Beldock, 2 Cir., 140 F.2d 587, certiorari denied 322 U.S. 760, 64 S.Ct. 1278, 88 L.Ed. 1587. The appellant's attempt to distinguish the Beldock case because there the unfiled portion of the contract was a description of the goods while here it was a specification of the price and terms of payment, furnishes no rational basis for distinction. The statute requires "the contract or copy thereof" to be filed for record. We cannot doubt that the failure to file so substantial a part of the contract as gives notice of the price and terms of payment is a fatal defect.

The appellant argues at length that the trustee has failed to prove that all creditors of the bankrupt lacked notice of the conditional vendor's title. So to argue misconceives the nature of the trustee's status under section 70, sub. c, the "strongarm clause" of the Bankruptcy Act, 11 U. S.C.A. § 110, sub. c. That section, as has been repeatedly held, confers the status of an ideal lien creditor on the trustee, whether such a creditor exists or not. Accordingly, it makes no difference to the trustee's claim of title that any or all *actual* creditors had notice of the conditional vendor's title. The trustee by operation of law has the status of a creditor without notice and need make no showing as to lack of notice on the part of actual creditors. See 4 Collier on Bankruptcy, § 70.53 and cases there cited. Intimations that proof as to lack of notice was relevant, which appear in In re Master Knitting Corp., 2 Cir., 7 F.2d 11, at page 12, and White v. Steinman, 2 Cir., 120 F.2d 799 at page 803, certiorari denied 314 U.S. 659, 62 S.Ct. 113, 86 L.Ed. 528 are disapproved.

The order is affirmed.