**NATIONAL OATS COMPANY,**
Creditor, Appellant,

v.

**Byron LONG, Trustee of North Missis-sippi Broilers, Inc., Bankrupt,**
Appellee.

No. 15110.

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 1955.

Rehearing Denied April 6, 1955.

See 220 F.2d 745.

Guy Mitchell, Jr., Mitchell & McNutt, Tupelo, Miss., Charles C. Allen, St. Louis, Mo., for appellant.

Robert B. Smith and Fred B. Smith, Ripley, Miss., Sam Lumpkin, Tupelo, Miss., for appellee.

Before HOLMES, RIVES and TUTTLE, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order of the district judge, sitting in bankruptcy, which

disallowed the appellant's claim as a secured debt. The appellant asked for the allowance of a secured claim in the sum of $36,699, and of an unsecured claim in the sum of $12,775.37. Having heard the proof, both oral and documentary, and having considered the record of the testimony on prior hearings before the referee, the district judge was of the opinion that the appellant was not a secured creditor as to any part of its claim, and that the same should be allowed in its entirety as an unsecured indebtedness. The notice of appeal was solely from the holding that the appellant's position was that of a general creditor only.

In his oral opinion, the judge said that the trust deeds relied on by appellant were utterly void for lack of any definite description of the property intended to be conveyed; that the instruments were not acknowledged or witnessed by anyone; that they were not entitled to be recorded; and that they were not legal notice to anyone of any claim asserted under them. He further held that, when the receiver in this case collected money from these various people, he was not collecting any security which there was in these notes, because there was not any there; that he was collecting for the estate in general and, therefore, his collections should not go into any particular fund for which the appellant would be the special beneficiary. Whereupon the hearing on the claim of the National Oats Company against North Mississippi Broilers, Inc., was closed.

■■■ The appellant complains of the wrongful issuance of an injunction against it, but no appeal was taken from the action of the court in this respect, and that issue is not before us. The appellant contends that the bankruptcy court had no summary jurisdiction of the matter since it was the adverse holder in due course of property that was not in the actual or constructive possession of the debtor at the time of bankruptcy. This might be true as an abstract principle of law; but the principle is not applicable here because of the factual findings by the judge and referee, which are fully supported by the evidence. As a court of bankruptcy, the district court had exclusive jurisdiction of the debtor and its property, wherever located at the time in question. Ownership at that time by the debtor was sufficient to vest the bankruptcy court with summary jurisdiction of the property unless it was in the actual or constructive possession of a bona fide adverse claimant. The trustee in bankruptcy did not seize or attempt to seize the notes or the deeds of trust. It was the chickens, and other tangible property or choses in action, of Broilers, Inc., that he was threatening or attempting to seize or liquidate. In addition, in its efforts to establish as a secured claim some of the indebtedness due it, the appellant waived its objections to, and invoked, the summary jurisdiction of the bankruptcy court.

■■■ The accounts involving the alleged pledged assets appear on the ledger sheets of appellant with the open accounts, as one transaction. The secured and unsecured funds and accounts were so intermingled that they cannot be separated with reasonable certainty. As against the trustee in bankruptcy, the trust deeds are void for not having a definite or certain description of the property intended to be conveyed. Broilers, Inc., held title to the chickens, were in the actual or constructive possession of them, and were vested with all the indicia of ownership thereof. Consequently any mortgage or deed of trust thereon required a proper recording in order to be valid. The receiver had the right to handle the chickens, and any purchaser from the receiver had the right to pay him for them without regard to the alleged mortgages or deeds of trust.

The appellant knew that Broilers, Inc., had two plans of operation in its dealings with farmers who grew the chickens for it. Under one method, the chickens would be placed with an operator; and Broilers, Inc., would pay rent to the own-

ers of the chicken houses and would pay the operator $30 per week for his work. The operator shared in neither the profits nor losses; but the bookkeeping method was exactly the same as under the other plan where the chickens were left with the farmer under a contract whereby the chickens and feed were invoiced to the tenant. There was testimony that the representatives of appellant knew these facts and understood, when the notes were given, that nothing was due on them and that neither the tenants nor producers would be called upon to pay the same. After the second hearing before him, the referee concluded that the producers, whether under contract or by wages, were never indebted to Broilers, Inc., and that their notes were nothing more than accommodation paper.

■■ We find no error in the holding of the ditsrict judge that the mortgages, deeds of trust, and title retention contracts, were invalid as against the receiver or trustee in bankruptcy, and that the appellant was not a secured or preferred creditor. There is no issue presented on this appeal as to the appellant being an innocent holder for value of the notes. Issues of that kind may arise, in a court of competent jurisdiction, between the appellant and one or more of the producers who signed the notes. The issue here is between the receiver in bankruptcy and the appellant, which claims to be a secured creditor, and sought in the court below to have the major portion of its indebtedness established as a secured claim. No trustee having been named in this case, the receiver for present purposes has all the rights and remedies that a duly qualified trustee in bankruptcy would have. The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such creditor actually exists. 11 U.S.C.A. § 110 sub. c.

■ The last sentence in the preceding paragraph is taken literally from the just-cited section of the bankruptcy act, as amended. Under it, the receiver or trustee in bankruptcy does not merely stand in the shoes of the debtor or bankrupt; he has all the rights, remedies, and powers, of an ideal creditor who has obtained a lien by legal or equitable proceedings at the date of bankruptcy, whether or not such creditor actually exists. In addition, see 11 U.S.C.A. 110, sub. e(1), which provides that a transfer made or suffered by a debtor adjudged a bankrupt which, under any state or federal law applicable thereto, is fraudulent as against, or voidable for any other reason by, any creditor of the debtor, having a claim provable under said title, shall be null and void as against the trustee of said debtor.

The final issue on this appeal resolves itself into the validity or invalidity of any chattel mortgage, deed of trust, or contract for the retention of title, held and relied on by appellant. In our opinion, that issue was correctly decided against the appellant by the district court. Samson Tire & Rubber Co. v. Eggleston, 5 Cir., 45 F.2d 502; In re Waynesboro Motor Co., D.C., 60 F.2d 668, 669; Floyd v. C. Nelson Mfg. Co., 5 Cir., 93 F.2d 857; Hoffman v. Cream-O-Products, 2 Cir., 180 F.2d 649; Robinson v. Noel, 49 Miss. 253; Kelly v. Reid, 57 Miss. 89; Nicholson v. Karpe, 58 Miss. 34; Cowden v. Lockridge, 60 Miss. 385; Nugent v. Priebatsch, 61 Miss. 402; Ligon v. Barton, 88 Miss. 135, 40 So. 555; Sack v. Gilmer Dry Goods Co., 149 Miss. 296, 115 So. 339; Bassett v. Building & Loan Association, 164 Miss. 674, 145 So. 109; Garmon v. Fitzgerald, 168 Miss. 532, 151 So. 726; Lucas v. New Hebron Bank, 181 Miss. 762, 180 So. 611; State v. Collins, 186 Miss. 448, 191 So. 126; Sec. 70, sub. c, Chandler Act, 11 U.S.C.A. § 110; Sec. 70, sub. e, Chandler Act, 11 U.S.C.A. 110; Sec. 70, sub. e(1),

11 U.S.C.A. § 110; §§ 856, 857, Miss. Code 1942.

Affirmed.

RIVES, Circuit Judge (concurring specially).

I concur in the affirmance of the judgment and in much that is said in the opinion of the majority. However, I would not overlook the fact that the district judge further stated in his oral opinion, "I think we can say there was no notice to these people in these notes that they were holders of the notes in due course for valuable consideration." That statement, in the context in which it appears, seems to me ambiguous. The judge may have meant that there was no notice to other creditors of any claim that the appellant was a holder in due course; or he may have meant that the appellant had no notice of any defects in the notes and was in fact a holder in due course.

If there was a finding to the latter effect, then of course the security would follow the debt. The bankrupt and the growers could be estopped to deny that the chickens in the custody or possession of the growers were the property of the growers subject to the chattel mortgages, that the mortgages were genuine and the notes valid obligations. Such estoppel, however, would not extend to the trustee in bankruptcy. In his position as a creditor holding a lien on the bankrupt's property, the trustee, or in this case the receiver, had a right to pierce the form and show the true facts.

Further, the appellant, in its course of dealings, consistently permitted the bankrupt to receive the chickens from the growers and to sell them along with other chickens as if they were the bankrupt's property. Other persons were justified in extending credit to the bankrupt on the assumption that the chickens were its property, and the appellant cannot now be heard to deny as against the trustee in bankruptcy that the chickens belonged to the bankrupt.

I, therefore, concur in the affirmance of the judgment.