**NATIONAL OATS COMPANY,**
Creditor, Appellant,

v.

**Byron LONG, Trustee of North Mississippi Broilers, Inc., Bankrupt,**
Appellee.

No. 15110.

United States Court of Appeals,
Fifth Circuit.

April 6, 1955.

out a lien even if there cannot be a lien without a debt; and the trustee in bankruptcy is not only an ideal creditor in claims against the bankrupt, but is vested with title to debts due the bankrupt and all property not exempt in which he has an interest at the date of bankruptcy or which becomes transferable to him within six months thereafter. Therefore, we think, the appellant leans too heavily upon the finding of the district court that it was a holder in due course of the notes, which finding seemed to us to be not necessary to the issues before the court.

The petition for rehearing is denied.

Guy Mitchell, Jr., Tupelo, Miss., Charles C. Allen, St. Louis, Mo., for appellant.

Robert B. Smith, Fred B. Smith, Ripley, Miss.; Sam Lumpkin, Tupelo, Miss., for appellee.

Before HOLMES, RIVES, and TUTTLE, Circuit Judges.

HOLMES, Circuit Judge.

The petition for rehearing states that the concurring opinion overlooked the fact that there is no evidence of any creditor having given the bankrupt credit on the assumption that the chickens were its property. On this point, we think that the trustee in bankruptcy is legally deemed to be such a creditor, "whether or not such a creditor actually exists." 11 U.S.C.A. § 110, sub. c.

A creditor may be the innocent holder of a note and still lose his security by the superior lien of the trustee in bankruptcy. There may be a debt with-