**Daniel MEISTER, Trustee in Bankruptcy of the Estate of Samuel Heft, Plaintiff,**

v.

**Samuel HEFT and Evelyn Heft, Defendants.**

**No. 69–C–665.**

United States District Court, E. D. New York.

March 10, 1970.

Slavitt & Connery, Norwalk, Conn., by Mortimer Scheffler, New York City, of counsel, for plaintiff.

Bergerman & Hourwich, New York City by Ronald Litowitz, New York City, of counsel, for defendants.

**32**

JUDD, District Judge.

### MEMORANDUM AND ORDER

Plaintiff has moved to dismiss the counterclaims in defendants' answer.

The action, brought by a Connecticut trustee in bankruptcy, seeks an injunction restraining the use or endorsement by the bankrupt or his wife of checks which may be issued by the Internal Revenue Service by reason of plaintiff's claim for an income tax refund.

The complaint recites that the parties are citizens of different states, that the jurisdictional amount exists, and that the action arises under Section 70 of the Bankruptcy Act (11 U.S.C. § 110). The complaint asserts that the tax refund, estimated to be about $12,000, is an asset of the bankruptcy estate, that it may be sent to the defendants instead of the plaintiff because of the Internal Revenue Service mailing procedures, and that plaintiff seeks to preserve the assets of the estate by enjoining the defendants from misappropriating the refund. It is also asserted that a previous refund check was received and endorsed by the bankrupt and appropriated to the defendants' own use, in spite of an order entered in summary proceedings in the bankruptcy court in Connecticut restraining the defendants from using such funds.

The answer, in addition to denials, contains two counterclaims. The first asserts that the refund is not property of the bankrupt estate and that the trustee in bankruptcy is not entitled to it. The second asserts that the refund arises from joint income tax returns and that half of it is the property of defendant, Evelyn Heft, the wife of the bankrupt.

From affidavits submitted in connection with the motion, it appears that the refund check in the amount of $14,490.85 was received directly by the trustee in bankruptcy some time after this action was begun and has been deposited in an authorized account in the District of Connecticut.

The counterclaims are related to the same transaction which is referred to in the complaint and might be compulsory counterclaims under F.R.Civ.P. 13(a), if the case were not affected by the special provisions of the Bankruptcy Act. It should be observed that the first counterclaim is essentially a denial of plaintiff's allegation of title, coupled with a request for declaratory judgment, which would be within the discretion of the court to entertain or dismiss. 28 U.S.C. § 2201. With respect to the second counterclaim, it may also be noted that the wife's interest in the refund check is less than $10,000 and therefore would not support jurisdiction in an independent diversity action.

■ The procedural sufficiency of the counterclaims need not be decided, since the Bankruptcy Act does not give this court jurisdiction of them under the facts recited above.

Section 70 of the Bankruptcy Act (11 U.S.C. § 110), which the bankruptcy trustee mentions in the complaint, is the section which vests the trustee with the bankrupt's title to all property rights as of the date of the initiation of the bankruptcy proceeding. This section has been held to give the trustee title to loss carryback tax refunds for losses sustained in the year of bankruptcy. Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed. 2d 428 (1966). Defendants assert that Connecticut law requires that the refund be prorated between the wife and the husband's bankruptcy estate. Cf. In re Buchholtz, 259 F.Supp. 31 (D.Minn. 1966). The pending motion raises the question whether such a right to proration must be decided in the bankruptcy court in Connecticut or may be tried under the counterclaims in this court.

■ The Bankruptcy Act seeks to maintain the exclusive jurisdiction of the bankruptcy court, even to the extent of limiting the powers of other federal courts, except with respect to adverse claims of third parties to property not in the trustee's possession. Section 2 of

the Bankruptcy Act (11 U.S.C. § 11) provides, in its appropriate portions:

"§ 11.  Creation of courts of bankruptcy and their jurisdiction

(a) The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title, in vacation, in chambers, and during their respective terms, as they are now or may be hereafter held, to—

&ast;   &ast;   &ast;   &ast;   &ast;   &ast;

"(7) Cause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as herein otherwise provided, &ast; &ast; &ast;.

&ast;   &ast;   &ast;   &ast;   &ast;   &ast;

"(20) Exercise ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy: *Provided, however*, That the jurisdiction of the ancillary court over a bankrupt's property which it takes into its custody shall not extend beyond preserving such property and, where necessary, conducting the business of the bankrupt, and reducing the property to money, paying therefrom such liens as the court shall find valid and the expenses of ancillary administration, and transmitting the property or its proceeds to the court of primary jurisdiction;

&ast; &ast; &ast; "

Independent jurisdiction over bona fide adverse claims is provided by Section 23 of the Bankruptcy Act (11 U.S.C. § 46), which provides:

"§ 46.  Jurisdiction of controversies between receivers and trustees and adverse claimants.

"(a) The United States district courts shall have jurisdiction of all controversies at law and in equity, *as distinguished from proceedings under this title*, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants." (emphasis added)

The jurisdiction of the bankruptcy court has been held to be exclusive with respect to property of the bankrupt which is not in the possession of third parties asserting a bona fide adverse claim.  In re American Fidelity Corporation, Ltd., 28 F.Supp. 462, 467–468 (S.D. Cal.1939); Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645 (1931); Jackson v. Moore, 348 F.2d 437 (5th Cir. 1965); 2 Collier on Bankruptcy (14th ed. 1969) § 23.04 [2].  A dispute concerning property in the trustee's possession is therefore a "proceeding in bankruptcy" rather than a "controversy" under Section 23 of the Bankruptcy Act.  11 U.S.C. § 46.  The fact that the wife asserts a right to the refund claim does not take it outside the summary jurisdiction of the bankruptcy court.  Cf. National Oats Co. v. Long, 219 F.2d 373, 374 (5th Cir. 1955), rehearing denied, 220 F.2d 745 (1955); In re Victor, 218 F.Supp. 218 (S.D.Ill. 1963).

Alt v. Burt, 181 F.2d 996 (6th Cir. 1950) does not support defendants' position.  That was an attempt to exercise summary jurisdiction to compel the wife to turn over shares of stock which had been issued to her by the corporation.

█  The limits on this court's power over the counterclaims would be clear if the trustee had based his action expressly on Section 2(20) of the Bankruptcy Act, quoted above, which limits the jurisdiction of an ancillary court over a bankrupt's property to preserving the

property and "transmitting the property or its proceeds to the court of primary jurisdiction." Viewed as an entirety, however, the complaint seeks only to have this court exercise ancillary power conferred under Section 2(20). It does not seek a declaration or adjudication of any issues, but simply asserts that the Connecticut bankruptcy court has already decreed that the trustee was entitled to the refund, and demands an injunction against the appropriation of the refund check by the defendants. The Rules of Civil Procedure, in authorizing the filing of counterclaims, should not be construed to override the limits on the jurisdiction of an ancillary court under Section 2(20) of the Bankruptcy Act.

The case is complicated by an order entered by another judge of this court shortly before the trustee in bankruptcy received the refund check. That order enjoined both the plaintiff and defendants from cashing any tax refund checks and directed that they be held pending a final determination by this court of the property rights of the parties. That order was intended to preserve the status quo and not to create jurisdiction which the court did not previously possess. There is no indication that the limitations existing under Section 2(20) of the Bankruptcy Act were discussed before the order was entered. Insofar as the order might indicate that a determination of the parties' property rights should take place in this court instead of the Connecticut court it should be modified. In fact, it will cease to have effect after this action is terminated.

The property is now in the custody of the bankruptcy court in Connecticut and the trustee does not dispute that the defendant wife should have an opportunity to present her claims to that court. Since this action was brought only to enjoin defendants' collection of a tax refund check and the check has now been collected by the trustee, the complaint is moot.

It is, therefore, ordered:

(1) that the first and second counterclaims in defendants' answer be dismissed for lack of jurisdiction; and

(2) that the complaint be dismissed as moot.